UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SUSAN MARTINEZ,

    Plaintiff,

v.                                              CASE NO.  3:15-cv-1215-J-34JBT

MARKET TRADERS INSTITUTE,
INC., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the October 18, 2016 Order to Show Cause ("Order") (Doc. 57), Plaintiff's Response (Doc. 59), and Defendants' Reply (Doc. 61). In the prior Order, the Court stated that although venue is proper in the Middle District of Florida, transfer of this action to the Orlando Division pursuant to Local Rule 1.02(c) and (e) may be appropriate. The parties were provided an opportunity to address the issue, which they have now done. For the reasons set

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

forth herein, the undersigned respectfully **RECOMMENDS** that this case be **TRANSFERRED** to the Orlando Division of the Middle District of Florida.

## I. Legal Principles

Regarding the transfer of actions:

> [E]ven if venue is proper where the action is filed, it is within the district court's discretion to transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." *Id.* § 1404(a). Furthermore, in the Middle District of Florida "[a]ll civil proceedings of any kind shall be instituted in that Division encompassing the county or counties having the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or principal place of business of the parties." M.D. Fla. Local Rule 1.02(c).
>
> The decision to transfer a case pursuant to § 1404(a) should be based on an individualized, case-by-case consideration of convenience and fairness. The Eleventh Circuit has provided a list of nine factors that are relevant to such a decision:
>
> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.
>
> *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted).

*Bennett Eng'g Grp., Inc. v. Ashe Indus., Inc.*, Case No. 6:10-cv-1697-Orl-28GJK, 2011 WL 836988, at *1–2 (M.D. Fla. Mar. 8, 2011) (some quotations, citations, and

footnote omitted). In addition, "there is a long-approved practice of permitting a court to transfer a case *sua sponte* . . . but only so long as the parties are first given the opportunity to present their views on the issue." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quotations omitted).

## II.   Analysis

### A.   The Prior Order

In its prior Order, the Court stated that transfer may be appropriate largely based on the allegations set forth in the Amended Complaint. Specifically, the Amended Complaint alleges that all corporate Defendants actively defending this action have a principal place of business in Lake Mary, Florida, which is located in Seminole County within the Orlando Division.[1] (*See* Doc. 28 at 3–4.) Moreover, although the Amended Complaint does not allege where within this District each individual Defendant resides, all of the individual Defendants allegedly own(ed) and/or operate(d) the corporate Defendants located in Lake Mary. (*See id.* at 3–7, 17, 25.) Additionally, there is no indication in the Amended Complaint that Plaintiff's claims, which are based largely on the business practices of Defendants, arose anywhere other than Lake Mary.[2] The only connection of this action to the

---

[1] Although two corporate Defendants named in the Amended Complaint have a different principal place of business, one has been defaulted, and the claims against the other have been dismissed without prejudice. (*See* Doc. 28 at 3–4; Doc. 50; Doc. 52.)

[2] Additionally, a Stipulated Order Approving Partial Settlement Agreement in a State court action involving Plaintiff and some of the corporate Defendants, which may be relevant to the claims and defenses in this action, was entered in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida. (Doc. 35-2 at 1–7.)

3

Jacksonville Division appears to be Plaintiff's residence.  (*See id.* at 3.)  Thus, the Court stated that the Orlando Division apparently has "'the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or principal place of business of the parties.'  M.D. Fla. R. 1.02(c)."  (*Id.*)

### B. The Parties' Responsive Filings

The parties were provided an opportunity to address the issue in light of the legal principles set forth above.  However, neither side explicitly addressed any of the nine factors relevant to transfer, or provided any new information relevant to these factors, in their responsive filings.

In her brief Response, Plaintiff largely agrees with the Court's prior analysis, and argues only that many of the transactions at issue were not limited to Seminole County, Florida.  (*See* Doc. 59.)  However, to the extent many of the transactions may be "national or international in nature" as Plaintiff suggests, they have no greater nexus to the Jacksonville Division than to the Orlando Division.  (*Id.* at 1–2.)  Additionally, Plaintiff agrees that the "the main nexus to the Jacksonville Division of the Middle District is Plaintiff's residence."  (*Id.* at 1.)  The undersigned recommends that this does not outweigh the multiple considerations weighing in favor of transfer.

Defendants are opposed to the transfer of this action only before their pending motions to dismiss (Docs. 35 & 36) are resolved because they believe the motions will be resolved sooner if the case is not transferred.  (*See* Doc. 61.)  They also maintain that their motions have merit, and therefore a change of venue is

4

"unnecessary." (*Id.* at 2.) They argue that "any factor supporting such a transfer only applies to a viable cause of action." (*Id.*) Defendants request that this Court rule on the pending motions, arguing that if transferred, this case "will effectively start from scratch before a new Court, unfamiliar with the parties and the issues." (*Id.* at 3.) Alternatively, Defendants argue that if the case is transferred, this Court should first grant their pending motion to stay discovery pending resolution of the motions to dismiss (Doc. 58) and strike the operative case management and scheduling order (Doc. 43). (Doc. 61 at 4.)

The undersigned recommends that Defendants' arguments be rejected for several reasons. First, Defendants assume that this Court will grant the pending motions to dismiss and dismiss the entire action with prejudice. However, if that does not happen, there would be a duplication of effort between two separate divisions of this Court once the case is transferred. Similarly, because resolution of the motion to stay discovery will require consideration of the motions to dismiss, there may be a duplication of effort there as well. Further, Defendants' arguments assume that this Court has had extensive involvement with this action. However, no substantive, or even discovery, rulings have been rendered to date. Therefore, the undersigned recommends that Defendants' arguments be rejected.

### C.   Transfer is Recommended

For the reasons set forth in the prior Order, the undersigned recommends that the Orlando Division has "the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or principal place of business

5

of the parties." M.D. Fla. R. 1.02(c). Additionally, although the above factors have not been addressed by the parties, the undersigned recommends that factors 2, 3, 4, and 9 weigh in favor of transfer, factor 8 weighs slightly against transfer, and the remaining factors are either neutral or the Court does not have sufficient information to consider them.

Factor 3, the convenience of the parties, weighs in favor of transfer because multiple Defendants have their principal place of business within the Orlando Division, and only Plaintiff is located within the Jacksonville Division.[3] Factor 4, the locus of operative facts, weighs in favor of transfer because it appears that Plaintiff's claims largely arose where the corporate Defendants have their principal place of business. Notably, "[t]his factor carries greater weight when deciding a motion to transfer to another Division within the Middle District of Florida, as evidenced by Local Rule 1.02(c)'s requirement that actions be brought in the 'Division encompassing the county or counties having the greatest nexus with the cause.'" *Bennett Eng'g Grp., Inc.*, 2011 WL 836988, at *2. Thus, factor 2, the location of relevant documents and the relative ease of access to sources of proof, also weighs in favor of transfer. *See id.* at 3 ("[B]ecause the locus of operative facts is in the [Orlando] Division, any documents and other sources of proof relevant to demonstrating Defendants' alleged acts . . . likely will be found [in that

---

[3] Plaintiff resides in Palm Coast, Florida, which is only approximately 20 miles closer to Jacksonville than to Orlando. Thus, Plaintiff's location does not weigh heavily against transfer.

6

Division].") (quotations omitted).  For the reasons set forth above, factor 9, trial efficiency and the interests of justice based on the totality of the circumstances, also weighs in favor of transfer.

Factor 8, Plaintiff's choice of forum, weighs slightly against transfer. However, "although [Plaintiff's] choice of forum should be given due consideration, it is accorded lesser weight where the choice of forum lacks any significant connection with the underlying claim."  *See id.* (quotations omitted).  As explained above, the Jacksonville Division lacks any significant connection with Plaintiff's claims.  Therefore, based on the totality of circumstances known to the Court, after giving the parties an opportunity to be heard, the undersigned recommends that transfer is appropriate.

Accordingly, it is respectfully **RECOMMENDED** that:

This action be **TRANSFERRED** for all further proceedings to the **United States District Court for the Middle District of Florida, Orlando Division**.

**DONE AND ENTERED** at Jacksonville, Florida, on November 22, 2016.

_____
JOEL B. TOOMEY
United States Magistrate Judge

7

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record