UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SUSAN MARTINEZ,**

**Plaintiff,**

**v.**                                                    **Case No:  6:16-cv-2156-Orl-41GJK**

**MARKET TRADERS INSTITUTE,
INC., MARKET TRADERS INSTITUTE
FINANCIAL, INC., NEXT STEP
FINANCIAL HOLDINGS, INC.,
EFOREX, INC., FX CURRENCY
TRADERS, INC, I TRADE FX, LLC,
JACOB MARTINEZ, LISA K.
ESTRADA, ISAAC MARTINEZ and
INSTITUTIONAL LIQUIDITY, LLC,**

**Defendants.**

_____/

## ORDER

THIS CAUSE is before the Court on Defendants Market Traders Institute, Inc., FX

Currency Traders, Inc., and Jacob Martinez's Motion to Dismiss (Doc. 35) and Defendants Market

Traders Institute Financial, Inc., Next Step Financial Holdings, Inc., EForex, Inc., Isaac Martinez,

and Lisa Estrada's Motion to Dismiss (Doc. 36), and Plaintiff's Response (Doc. 47) thereto.

### I.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss the

claims against it for "lack of subject-matter jurisdiction." "Attacks on subject matter

jurisdiction . . . come in two forms: 'facial attacks' and 'factual attacks.'" *Garcia v. Copenhaver,*

*Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997) (quoting *Lawrence v.*

*Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "Facial attacks challenge subject matter

jurisdiction based on the allegations in the complaint, and the district court takes the allegations as

true in deciding whether to grant the motion." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003). "However, where a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and affidavits." *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). "When jurisdiction is properly challenged, a plaintiff has the burden of showing jurisdiction exists." *Kruse, Inc. v. Aqua Sun Invs., Inc.*, No. 6:07-cv-1367-Orl-19UAM, 2008 WL 276030, at *2 (M.D. Fla. Jan. 31, 2008).

## II.   ANALYSIS

This case arises out of alleged harms to Defendant Market Traders Institute, Inc., which Plaintiff claims to hold a fifty-percent interest in by way of stock. Defendants argue, among other things, that Plaintiff relinquished her fifty-percent ownership interest during divorce proceedings with Defendant Jared Martinez. Defendants argue that because Plaintiff has no ownership interest in the company and because the alleged harm is derivative of harm to the company, Plaintiff lacks standing to bring this case.

In order to bring a case in federal court, a plaintiff must establish standing under Article III of the United States Constitution and, if relying on a federal statute, any requirements thereof. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992); *United States v. $38,000.00 in U.S. Currency*, 816 F.2d 1538, 1544 (11th Cir. 1987). To establish Constitutional, or Article III, standing, a plaintiff must show: "1) that he personally has suffered an actual or prospective injury as a result of the putatively illegal conduct; 2) that the injury can be fairly traced to the challenged conduct; and 3) that the injury is likely to be redressed through court action." *Saladin v. City of Milledgeville*, 812 F.2d 687, 690 (11th Cir. 1987). Statutory standing is "a stricter standing requirement that is analogous to, and not neatly distinguishable from, the injury element of a legal

claim" that is imposed by Congress. *Advanced Cartridge Techs., LLC v. Lexmark Int'l, Inc.*, No. 8:10-cv-486-T-23TGW, 2011 WL 6719725, at *2 (M.D. Fla. Dec. 21, 2011).

Defendants argue that Plaintiff cannot allege a sufficient injury because she was contractually obligated to assign any interest she held in Market Traders Institute, Inc. to Jared Martinez. It is undisputed that Plaintiff entered a partial marital settlement agreement with Jared Martinez that obligated her to transfer her fifty-percent ownership interest in Market Traders Institute, Inc. to Jared Martinez, who would then transfer his entire ownership interest to Jacob and Isaac Martinez. (*See* Stipulated Order, Doc. 35-2, at 4). The partial marital settlement agreement was approved by the state court presiding over the dissolution of marriage proceedings. (*Id.* at 6). Nevertheless, Plaintiff contends that she has not assigned the shares in accordance with the agreement. (Pl.'s Decl., Doc. 72-1, ¶ 7). Defendants have not disputed the assertion that Plaintiff's legal ownership of the shares has not been terminated. Furthermore, the state court denied, without prejudice, a motion to enforce the agreement. (May 21, 2013 Order, Doc. 35-2, at 8). Accordingly, while it appears that Plaintiff's retention of the shares is in violation of the parties' agreement, it is not clear that the agreement is or has been deemed legally enforceable against Plaintiff, and therefore, it is not clear that Plaintiff had sufficient protectable interest in the shares to have suffered a cognizable injury. Thus, Plaintiff has not met her burden of establishing standing as she has not established that she suffered an injury in fact.[1]

Even assuming Plaintiff had sufficiently established an ownership interest in the shares, this Court would still lack authority to hear Plaintiff's claims. Plaintiff has asserted one claim for

---

[1] Plaintiff has also not provided sufficient information by which this Court can determine the proper ownership of the shares. Nevertheless, the state court is in a better position to determine the rights of the parties vis-à-vis the shares, and any ruling by this Court would put the parties at a substantial risk of inconsistent rulings.

violation of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* Plaintiff alleges that she was damaged by the diminution in value of Market Traders Institute, Inc., which resulted in a devaluing of her shares of that entity. In other words, Plaintiff alleges a derivative RICO claim for harm to Market Traders Institute, Inc. However, the Eleventh Circuit has expressly held that a plaintiff that "primar[il]y allege[s] injuries flow[ing] from her status as a shareholder and the diminution in the value of her shares" lacks standing to pursue a RICO claim absent allegations that the plaintiff suffered a harm distinct from the other shareholders as a result of racketeering activities directed toward her. *Harris v. Orange S.A.*, 636 F. App'x 476, 481–83 (11th Cir. 2015); *see also Beck v. Prupis*, 162 F.3d 1090, 1096 n.10 (11th Cir. 1998); *Bivens Gardens Office Bldg., Inc. v. Barnett Banks of Fla., Inc.*, 140 F.3d 898, 906 (11th Cir. 1998). Plaintiff has not alleged that the purported conspirators targeted her specifically or that she is complaining of an injury unique to her. Therefore, Plaintiff has not alleged a cognizable claim. Plaintiff has not established standing, and this case will be dismissed without prejudice for want of jurisdiction.

### III.   CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendants Market Traders Institute, Inc., FX Currency Traders, Inc., and Jacob Martinez's Motion to Dismiss (Doc. 35) is **GRANTED in part**.

2. Defendants Market Traders Institute Financial, Inc., Next Step Financial Holdings, Inc., EForex, Inc., Isaac Martinez, and Lisa Estrada's Motion to Dismiss (Doc. 36) is **GRANTED in part**.

3. This case is **DISMISSED without prejudice**. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on March 29, 2017.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record